United States District Court
Southern District of Texas
**ENTERED**
September 23, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FEDERATION OF STATE MASSAGE THERAPY BOARDS, <br><br>  Plaintiff/Garnishor <br> VS. <br><br> JP MORGAN CHASE BANK, N.A. and CATHAY BANK, <br><br>  Garnishees, <br> VS. <br><br> TESLA MENDEZ (f/k/a YI LING "ELAINE" MENDEZ) and JORGE MENDEZ <br><br>  Defendants/Judgment-Debtors. | § § § § § § § § § § § § § § § § § CIVIL ACTION NO. 4:21-CV-02925 <br><br> [RELATED CASE NO. 4:17-cv-02936] |

## **MEMORANDUM & ORDER**

Before the Court is an Application for Writ of Garnishment filed by Garnishor Federation of State Massage Therapy Boards ("Federation"). (Doc. 1.) Federation seeks to collect on a judgment issued by the United States District Court for the Southern District of Texas on October 26, 2020 against Judgment-Debtors Tesla Mendez and Jorge Mendez in Civil Action No. 4:17-cv-02936 (styled *Federation of State Massage Therapy Boards v. Mendez Master Training Center, Inc. et al*). (*Id.* at 2.) Federation seeks to collect on that judgment by garnishing bank accounts held by Judgment-Debtors at Garnishees JP Morgan Chase Bank, N.A. ("JP Morgan") and Cathay Bank ("Cathay"). (*Id.* at 2–3.)

Federal Rule of Civil Procedure 69 provides:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and

> in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

FED. R. CIV. P. 69. "Garnishment actions in Texas are 'purely statutory' and courts have no power to extend the benefits of garnishment beyond the relief available under statute." *Af–Cap, Inc. v. Republic of Congo*, 462 F.3d 417, 423 (5th Cir. 2006). "As actions supplemental to or in aid of execution, . . . garnishment actions are governed by state law to the extent it does not conflict with federal law." *FG Hemisphere Assocs., LLC v. Republique du Congo*, 455 F.3d 575, 595 (5th Cir. 2006). A writ of garnishment is available if the "plaintiff has a valid, subsisting judgment and makes an affidavit stating that, within the plaintiff's knowledge, the defendant does not possess property in Texas subject to execution sufficient to satisfy the judgment." TEX. CIV. PRAC. & REM. CODE § 63.001(3). A judgment is valid and subsisting "from and after the date it is signed, unless a supersedeas bond shall have been approved and filed[.]" TEX. R. CIV. P. 657. The plaintiff shall support its application for a writ of garnishment "by affidavits of the plaintiff, his agent, his attorney, or other person having knowledge of relevant facts." TEX. R. CIV. P. 658. The plaintiff's application must also "comply with all statutory requirements and shall state the grounds for issuing the writ and the specific facts relied upon by the plaintiff to warrant the required findings by the court." *Id.*

Here, the judgment issued by the United States District Court for the Southern District of Texas on October 26, 2020 against Judgment-Debtors Tesla Mendez and Jorge Mendez in Civil Action No. 4:17-cv-02936 is a valid and subsisting judgment. To wit, there is no evidence that any supersedeas bond has been approved and filed. Federation has also submitted an affidavit from Kathrine Zinecker, its attorney, stating that within Federation's knowledge, Judgment-Debtors "do not possess property in Texas subject to execution sufficient to satisfy the judgment." (Doc. 1-2 at 3.) The affidavit also specifies the amount of the original judgment—$450,000.00—and the rate

of post-judgment interest—0.15% computed daily and compounded annually. Federation's Application specifies the total amount due and owing as $450,586.23, and notes that the judgment is wholly unsatisfied. (Doc. 1 at 2.)

The Court therefore finds that Federation's Application, together with its affidavit, meets the requirements for a Writ of Garnishment under Federal Rule of Civil Procedure 69 and relevant Texas law. Federation "has a valid, subsisting judgment and makes an affidavit stating that, within [its] knowledge, [Judgment-Debtors do] not possess property in Texas subject to execution sufficient to satisfy the judgment." TEX. CIV. PRAC. & REM. CODE § 63.001(3). Accordingly, Federation's Application (Doc. 1) is **GRANTED** and the Court **ORDERS** that the Writ of Garnishment appended to this Order shall issue. Garnishor must serve the Writ on the Garnishees and Judgment-Debtors in compliance with relevant Texas law.

It is further **ORDERED** that the value of property or indebtedness that may be garnished in total from Garnishees is $450,000.00 plus post-judgment interest in the amount of $586.23.

It is further **ORDERED** that pursuant to Texas Rule of Civil Procedure 664, Judgment-Debtors have a right to regain possession of the property by filing a replevy bond and a right to seek to regain possession of the property by filing with this Court a motion to dissolve this Writ.

**SIGNED** at Houston, Texas, on this the 23rd day of September, 2021.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE